**SO ORDERED.**

**SIGNED this 22 day of December, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

SMITHVILLE CROSSING, LLC,                     CASE NO. 11-02573-8-JRL
                                              CHAPTER 11
   DEBTOR.

## ORDER

This matter came before the court on Rialto Real Estate Fund, LP's ("Rialto") motion to set aside an order denying relief from the automatic stay entered by the court on September 28, 2011. A hearing was held on December 13, 2011 in Wilmington, North Carolina.

The debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 1, 2011. Rialto filed a motion for relief from the automatic stay on June 13, 2011, and a three-day hearing was held in August 2011. At the hearings, Rialto presented testimony from a financial expert who stated that, in his opinion, the appropriate interest rate for a loan to the debtor would be the prime rate plus a 7-8% adjustment. The court entered an order denying Rialto's motion on September 28, 2011, after finding that the appropriate interest rate would be the prime rate plus a 3-5% adjustment. Rialto filed a motion to set aside the September 28, 2011 order on October 12, 2011.

## **DISCUSSION**

A motion to reconsider is governed by Rule 59(e) of the Federal Rules of Civil Procedure, made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 9023(e). The bankruptcy court will deny a motion to reconsider unless the movant can make a showing of one of the enumerated grounds for relief. The enumerated grounds for relief are: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. In re Mitrano, 409 B.R. 812, 819 (E.D.Va., 2009); see also In re Morris, 365 B.R. 613, 617 (Bankr. E.D. Va. 2007) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997)). Reconsideration of a judgment is "an extraordinary remedy which should be used sparingly," Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998), cert. denied, 525 U.S. 1104, 119 S. Ct. 869 (1999). A motion for reconsideration is not intended to allow a party to relitigate matters the court has previously heard. Id.

Section 362 of the Bankruptcy Code provides that a debtor's bankruptcy petition automatically stays "any act to obtain possession of . . . or to exercise control over property of the estate," as well as "any act to collect . . . or recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a). However, the court may terminate the automatic stay if the debtor has no equity in the property and the property is not necessary to an effective reorganization[.]" 11 U.S.C. § 362(d)(2). The threshold necessary to satisfy § 362(d)(2) of the Bankruptcy Code is lower then the standard required to confirm a chapter 11 plan . See United Savings Ass'n v. Timbers of Inwood Forests Assoc., Ltd., 484 U.S. 365, 375–76 (1988) (The debtor must show that it has "a reasonable possibility of a successful

reorganization within a reasonable time.").

Rialto contends that the court overlooked the financial expert's report on risk factors associated with the appropriate interest rate. However, the court thoroughly reviewed the financial expert's report before concluding that the financial expert was "credible but not dispositive." The court found that several of the risk factors identified by the financial expert were macro economic findings that simply bolstered his conclusion that there is currently no efficient market for the type of loan this debtor would require. In arriving at the appropriate interest rate, the court looked for unique risk factors that make the interest rate fair and equitable with regard to this particular project. Specifically, there was evidence that the debtor's property was well maintained, completely finished, and generating rents. The court's finding that the interest rate should be the prime rate plus a 3-5% adjustment is supported by competent evidence and thus is not manifestly unjust.

Rialto next argues that the debtor failed to present evidence that the property at issue was necessary for an effective reorganization. Whether the debtor had a true prospect of reorganization is an issue previously litigated during the hearings. It was determined by the court that the debtor made a prima facie showing that there is a real possibility of reorganization in place. This finding was supported by testimony from the principal of the debtor and the debtor's plan projections. Thus the requisite showing under Rule 59(e) for a motion to reconsider has not been met by Rialto.

Based on the foregoing, the motion to set aside the September 28, 2011 order is **DENIED**.

**END OF DOCUMENT**