**SO ORDERED.**

**SIGNED this 27 day of February, 2012.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

**IN RE:**

| | |
|---|---|
| **SMITHVILLE CROSSING, LLC,** | **CASE NO. 11-02573-8-JRL** |
| | **CHAPTER 11** |
|     **DEBTOR.** | |

### ORDER CONFIRMING AMENDED PLAN AS MODIFIED AT CONFIRMATION

The Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code filed by the Debtor on September 28, 2011 and Amendment thereto filed on December 9, 2011 (hereinafter collectively referred to as, the "Plan"), having been transmitted to creditors with the Amended Disclosure Statement that was conditionally approved by order dated October 28, 2011, and a hearing on confirmation of the Plan having been conducted in the United States Bankruptcy Court in Raleigh, North Carolina on January 12 and 20, 2012; and

The Court being advised at the hearing that the Debtor obtained the acceptance of the Plan by all impaired classes, except Class 4, the secured claim of Rialto Real Estate Fund, L.P. (hereafter "Rialto"), and Class 6, the unsecured claim of Rialto, and having considered the evidence presented at the hearing, the record of the case, and arguments of counsel for the Debtor, Rialto, and the Bankruptcy Administrator;

NOW, THEREFORE, the Court makes the following findings of fact and conclusions of law:

1.     The Amended Disclosure Statement contains adequate information as required under 11 U.S.C. § 1125, and is approved.

2.     The Plan and the proponent comply with all requirements of 11 U.S.C. § 1129(a), with the exception of 11 U.S.C. § 1129(a)(8), in that Rialto rejected the treatment proposed for Classes 4 and 6.

3.     Class 9 consists of creditors that the Debtor maintained had lien rights under N.C. General Statute § 44A-8.  However, no evidence was presented that any creditors took action pre-petition to preserve any lien rights against the Debtor's real property.   Furthermore, due to any such liens being subordinate in priority to creditors holding deeds of trust on the Debtor's real property, these claims are unsecured.

4.     Unsecured Creditors in Classes 6, 7, 8 and 9 are entitled to receive promissory notes from the Reorganized Debtor as a means for implementation of the Plan.  Class 5 shall also receive a promissory note, as this will allow the Reorganized Debtor to consummate the Plan more expeditiously.

5.     Rialto objected to the separate classification of unsecured creditors into four classes.  Based upon the evidence presented at the hearing, the Court finds that the classification was sufficiently justified under the facts of this case.

6.     The Debtor's request to assess Rialto under § 506(c) for $23,278.23 in post-petition "common area maintenance" payments due to the Smithville Crossing Condominium Owners Association, Inc. (the "SCCOA") was not supported by the law or evidence.

7.     The Plan, in Section X. B., violates § 524(e) by purporting to enjoin Rialto and other creditors from taking any action to collect or recover, among other things, the claims that they hold against any guarantors of debts that are treated under the Plan.  The Plan will not enjoin action against any party other than the Reorganized Debtor.

8.     The Debtor requested the Court to cram down the Plan under §§ 1129(b) as to Classes 4 and 6, and the Court determined that cram down as to both classes was allowed.  With regard to cram down of Rialto's Class 4 secured claim, this Court finds that the secured value of Rialto's claim is $2,160,000, the based on the appraisal performed by Mr. Hector Ingram, the Debtor's appraiser, and the addition of $80,000 as discussed below.  Furthermore, the Court finds the appropriate interest rate payable to Rialto is 6.25%, with an amortization period of twenty (20) years and a balloon payment due to Rialto five (5) years from the Effective Date.

The Debtor requested Court approval to use $80,000 of rents secured by Rialto's Assignment of Rents, and the Debtor's members, Mr. and Mrs. Glenn Richardson, offered a first deed of trust upon a duplex (the "Property") with a fair market value of $95,000 located at 915 Riverside Boulevard, Lumberton, North Carolina owned by Riverside Properties of Lumberton, LLC ("Riverside"). Mr. and Mrs. Richardson are  the only members of Riverside.  The Court finds that Rialto is provided the indubitable equivalent of the rents upon the following conditions:   Riverside shall submit to the jurisdiction of the Bankruptcy Court regarding all issues related to the Plan, shall maintain the Property, shall keep the Property fully insured and shall pay ad valorem taxes on the Property when the taxes become due.  Upon a default in payments to creditors under the Plan or the obligations imposed upon Riverside in the Plan, Riverside shall transfer the Property to Rialto through a deed-in-lieu of foreclosure.  Riverside,

through its members Mr. and Mrs. Glenn Richardson, has agreed to the Court's requirements for use by the Reorganized Debtor of the Rialto rents.

9.     In regards to cram down of the Plan on Class 6, Rialto's unsecured claim totaling $2,615,774.99, an auction of the interest of the Debtor's members was required due to rejection by Rialto of the treatment provided under the Plan.     At the auction, RL BB ACQ II-NC SMITHVILLE, LLC ("RL BB"), a North Carolina limited liability company, was the high bidder with a bid of $35,000, and is the new owner of the Reorganized Debtor under the Plan.

10.     Following the auction,  Riverside was informed by the Court that it must contribute the Property as collateral for Rialto in order for the Plan to be confirmed because use of the rents was essential for the Plan to be feasible and confirmable under § 1129(a).   Riverside agreed to proceed and support the Plan.  The Plan is therefore confirmable; now therefore:

IT IS ORDERED THAT:

1.     The Amended Disclosure Statement is APPROVED.

2.     The Plan is CONFIRMED, subject to the following modifications:

a.     The treatment for Class 1, Administrative Costs, is changed as indicated below:

A.     **Class 1 - Administrative Costs:**

On the Effective Date, counsel for the Debtor will be holding a retainer of approximately $45,100.12. The Reorganized Debtor shall distribute an additional $34,899.88 in cash to counsel for the Debtor and SCCOA to provide for a pro rata distribution to both parties as of the Effective Date. The balance due to these administrative claimants, as allowed by the Court, shall be paid through a promissory note providing for payment paid in equal monthly installments over thirty-six (36) months, with interest at 8% per annum.   The accountant for the Debtor shall be paid in the ordinary course of business.

4

b.      The treatment for Class 4, Rialto is changed as indicated below:

D.      **Class 4 – Rialto Real Estate Fund, L.P. ("Rialto"):**

(3)      Treatment.  Rialto shall be treated as a secured obligation of the Reorganized Debtor in an amount equal to $2,160,000.  Rialto shall retain its secured position with the priority thereof, as existed on the Petition Date pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until the secured claim is paid.  The Reorganized Debtor shall pay the secured claim from proceeds from the operation of the Reorganized Debtor's business.  The Reorganized Debtor shall make payments of principal and interest to Rialto amortized over a period of twenty (20) years, with an interest rate of 6.25% per annum.  All payments shall be made no later than the 15th day of each month following the Effective Date until five (5) years following the Effective Date when the entire remaining principal balance and any outstanding interest shall be due in full. In the event any payment is missed or any other default occurs as set forth in the pre-petition loan documents (the "Loan Documents") which shall be controlling under the Plan, except as modified herein, or if there is a default in payments required to any creditors under the Plan, Rialto shall provide written notice to the Reorganized Debtor, and if the default is not cured within thirty (30) days, Rialto may proceed with legal remedies as set forth in the Loan Documents.

The Reorganized Debtor shall be allowed to use $80,000 in rents securing Rialto needed to fund its Plan, of which $45,100.12 is being held by Debtor's counsel as a retainer.  Rialto will be provided a deed of trust on the Property to secure repayment of the $80,000, and Riverside shall hereafter be subject to the jurisdiction of this Court.   Riverside must maintain the Property, keep it fully insured, and pay ad valorem taxes on the Property when they become due.  Upon a default in payment to Rialto under Class 4 of the Plan or the Loan Documents, a default to any

5

creditors under the Plan, or default by Riverside in the obligations imposed upon Riverside in the Plan, Rialto shall provide written notice to the Reorganized Debtor and Riverside.  If the default is not cured within thirty (30) days from written notice by the Reorganized Debtor, then Rialto or the Reorganized Debtor may file a motion to reopen the case without payment of any fees, if it has been closed, and request that the Court schedule a hearing to require Riverside to execute a deed in lieu of foreclosure to Rialto, as contemplated herein.  Upon payment in full of the secured portion of Rialto's claim, Rialto shall mark as satisfied, release and cancel the deed of trust given to it by Riverside.

The balance of Rialto's claim totaling $2,615,744.99 will be treated as an unsecured claim in Class 6.

 **E.** **Class 5 – Helios AMC ("Helios"):**

  (3) <u>Treatment.</u> The above claims shall be treated as an unsecured obligation of the Reorganized Debtor.  The Reorganized Debtor will pay fifteen (15%) percent of the claim amount over ten (10) years with interest at the rate of one and one half percent (1.5%) per annum in quarterly installments beginning on the fifteenth day of the first full month following the first full calendar quarter following the one-year anniversary of the Effective Date. For feasibility purposes, the Reorganized Debtor estimates that each quarterly payment will be in the amount of $7,466.90.  The Reorganized Debtor will provide a promissory note to Helios, and upon delivery of the note to Helios, Helios will cancel its deed of trust on the Debtor's real property.

 3. RL BB ACQ II-NC SMITHVILLE, LLC is the new owner of the Reorganized Debtor, and Mr. and Mrs. Glenn Richardson are hereby required to provide all books and records of and pertaining to the Debtor and its property, including but not limited to bank statements, cancelled

checks, paid and unpaid invoices, contracts of any nature, and correspondence with creditors and tenants, to the new owner to permit an orderly transition of management.

4.     To the extent any language in the Plan is inconsistent with the provisions of this Order, the provisions of this Order shall govern.

5.     Except as provided in this Order, the Plan, or in § 1141(d) of the Bankruptcy Code, the Reorganized Debtor is hereby released from all dischargeable debts, provided, however that Confirmation is expressly conditioned upon the Debtor providing for the payment of all allowed claims assertable against the Reorganized Debtor's estate as specified in the Plan and in this Order.

6.     All objections to claims, including requests for costs and expenses under § 506(b), fee applications, and adversary proceedings will be filed with the Court within sixty (60) days of the Effective Date, which shall be ten (10) days from the date of the entry of this Order.

7.     The Reorganized Debtor shall file Post-Confirmation Reports with the Clerk of Court pursuant to § 1106(a)(7) with a copy served upon the Bankruptcy Administrator.  The first report shall be due on the earliest of December 31, March 31, June 30 or September 30 in the calendar year in which this Plan is confirmed.  The Debtor shall file subsequent reports at the end of every succeeding quarter (December 31, March 31, June 30, or September 30), until the Plan is substantially consummated.   Quarterly Reports shall reflect any progress made in consummating the Plan during the period covered by the report.  Post-Confirmation Reports shall be filed in the format prescribed by the Bankruptcy Administrator.  The Reorganized Debtor will continue paying the quarterly fee to the United States Bankruptcy Court until the Motion for Final Decree is filed.

8.      Within thirty (30) days of substantial consummation of the Plan, as defined by §

1101(2), the Reorganized Debtor shall file a final report, in a format prescribed by the

Bankruptcy Administrator, reflecting the payments made for all costs of administration and each

class of creditors, and a motion for the entry of a Final Decree pursuant to Federal Rule of

Bankruptcy Procedure 3022..

9.      The Reorganized Debtor shall pay to the Clerk, United States Bankruptcy Court,

the sum of $0.00 for court costs.

10.      The Reorganized Debtor shall serve a copy of this Order on all creditors within

five (5) days of the entry of this Order and promptly file a Certificate of Service with the Clerk.

END OF DOCUMENT